FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

2017 MAY -9 AM 11: 13

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LIGHTING SCIENCE GROUP CORPORATION,

Plaintiff,

v.

LEEDARSON LIGHTING CO. LTD., and
LEEDARSON AMERICA, INC.,

Defendants.
_______________________________/

Case No.: 6:17-cv-826-ORL-31-GJK

**JURY DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lighting Science Group Corporation, through its attorneys, alleges the following:

## PARTIES

1. Plaintiff Lighting Science Group Corporation ("LSG" and/or "Plaintiff") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 811 N. Atlantic Avenue, Cocoa Beach, Florida 32931.

2. Upon information and belief, Defendant Leedarson Lighting Co., Ltd. ("Leedarson China") is a Chinese corporation having its principal place of business in Ziamen, People's Republic of China. According to its website, Defendant Leedarson China has an "Established US/EU office." *See* http://www.leedarson.com/index.php/About/index/id/14.

3. Upon information and belief, Leedarson America, Inc. ("Leedarson USA) (collectively with "Leedarson China", "Defendants") is a company organized and existing under the laws of the state of Georgia with its principal place of business located at 4600 Highlands Pkwy SE, Suite D-E, Smyrna, GA 30082, and does business throughout the United States, including Florida and whose registered agent is William Phillips Jr., 4600 Highlands Pkwy SE, Suite D-E, Cobb, Smyrna, GA, 30082.

## JURISDICTION AND VENUE

4. This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because Defendants are transacting business within this District and have committed acts and, on information and belief, will continue to commit acts within this District giving rise to this action, including offering to sell and selling infringing products and/or placing infringing products, directly or through intermediaries (including distributors, retailers, and others), into the stream of commerce in such a way as to reach customers in this District. Defendants have purposefully and voluntarily sold one or more of their infringing products with the expectation that they will be purchased by consumers in this District. These infringing products have been and continue to be purchased by consumers in this District. Defendants have committed acts of patent infringement within the United States and more particularly, within this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b).

## FACTS

7. Plaintiff is a world leader in the invention, development, and sale of LED lighting solutions. Plaintiff's lighting scientists have earned more than 375 patents for their innovations in the LED field.

8. Among Plaintiff's diverse product array of LED lighting solutions is a line of highly efficient lighting devices that can be retrofitted into existing lighting units, offered to the public under the brand GLIMPSE®.

9. Plaintiff's GLIMPSE® lighting family of products have enjoyed significant success in the market.

10. The function of the GLIMPSE® lighting family of products are protected by

patents, including the asserted patents.

11. Upon information and belief, Defendants have infringed and will continue to infringe at least one claim of each of the asserted patents by making, using, selling or offering to sell in, or importing into the United States, downlight luminaires, including, but not limited to, the DL-N19A9ER1-27 and DL-N19A11FR1-27 family of products (the "Accused Family of Products").

12. Specifically, upon information and belief, Defendants received the Accused Family of Products in the United States and thereafter distributed and/or sold the Accused Family of Products to its customers in the United States.

13. Upon information and belief, as a result of the foregoing distribution of the Accused Family of Products by Defendants, the Accused Family of Products are offered for sale throughout the United States online, on both Defendants' website and by Defendants at retail locations throughout the United States including, at least, The Home Depot, located in Orlando, Florida.

14. Upon information and belief, Defendants' conduct constitutes direct infringement of the asserted patents, whether such infringement is literal or under the doctrine of equivalents.

15. Upon information and belief, Defendants are continuing to engage in their infringing activities. The Accused Family of Products remain for sale on, at least, The Home Depot website, for example, at the following links:

- http://www.homedepot.com/p/Commercial-Electric-4-in-White-Recessed-LED-Can-Disk-Light-1-Pack-DL-N19A9ER1-27/300049157
- http://www.homedepot.com/p/Commercial-Electric-5-in-and-6-in-White-Recessed-LED-Disk-Light-1-Pack-DL-N19A11FR1-27/300049132

Attached hereto as Composite Exhibit A.

16. The Accused Family of Products have no substantially non-infringing use.

17. Plaintiff has not licensed or authorized any of the actions of Defendants, either expressly or by implication. Defendants have no license to practice any of the asserted patents.

18. Plaintiff has been injured by the infringing conduct of Defendants, and is entitled to damages adequate to compensate it for such infringement.

19. Defendants' infringing conduct has caused and continues to cause irreparable injury to Plaintiff, for which remedies at law are inadequate to compensate Plaintiff. The award of a permanent injunction against further manufacture, use, sale, importation, and/or offer for sale of Accused Family of Products that infringe any of the asserted patents is warranted.

**COUNT I**
**(Infringement of U.S. Patent No. 8,201,968)**

20. Plaintiff repeats and re-alleges Paragraphs 1-19 as though fully set forth herein.

21. Plaintiff is the owner by assignment of United States Patent No. 8,201,968, entitled "Low Profile Light," which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on June 19, 2012 (the "'968 patent"). A true and correct copy of the '968 patent is attached hereto as Exhibit B.

22. The '968 patent is valid and enforceable and Plaintiff has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

23. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '968 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '968 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to Defendants.

24. Upon information and belief, Defendants have infringed and continue to infringe at least claim 1 of the '968 patent by, among other activities, making, using, selling or offering to sell in or importing into the United States their DL-N19A9ER1-27 and DL-N19A11FR1-27 products, as detailed in the attached preliminary and exemplary infringement chart, attached hereto as Exhibit C. This chart is not intended to limit Plaintiff's right to modify this chart or any other claim chart or allege that other activities of Defendants infringe the identified claims of the '968

Patent or any other patents. Exhibit C is hereby incorporated by reference in its entirety. Each claim element in Exhibit C that is mapped to the accused product shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

25. Defendants are liable for direct infringement, either literally or under the doctrine of equivalents pursuant to 35 U.S.C. § 271 (a).

26. Plaintiff has at no time either expressly or impliedly licensed Defendant to practice the '968 Patent.

27. Defendants' infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement.

28. Defendants' infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '968 patent.

**COUNT II**
**(Infringement of U.S. Patent No. 8,672,518)**

29. Plaintiff repeats and re-alleges Paragraphs 1-19 as though fully set forth herein.

30. Plaintiff is the owner by assignment of United States Patent No. 8,672,518 entitled "Low Profile Light And Accessory Kit For The Same," which was duly and legally issued by the USPTO on March 18, 2014 (the "'518 patent"). A true and correct copy of the '518 patent is attached hereto as Exhibit D.

31. The '518 patent is valid and enforceable and Plaintiff has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

32. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '518 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '518 patent

on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to Defendants.

33. Upon information and belief, Defendants have infringed and will continue to infringe at least claim 1 of the '518 patent by, among other activities, making, using, selling or offering to sell in or importing into the United States their DL-N19A9ER1-27 and DL-N19A11FR1-27 products, as detailed in the attached preliminary and exemplary infringement chart, Exhibit E. This chart is not intended to limit Plaintiff's right to modify this chart or any other claim chart or allege that other activities of Defendants infringe the identified claims of the '518 Patent or any other patents. Exhibit E is hereby incorporated by reference in its entirety. Each claim element in Exhibit E that is mapped to the accused product shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

34. Defendants are liable for direct infringement, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271 (a).

35. Plaintiff has at no time either expressly or impliedly licensed Defendants to practice the '518 patent.

36. Defendants' infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement.

37. Defendants' infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '518 patent.

**COUNT III**
**(Infringement of U.S. Patent No. 8,967,844)**

38. Plaintiff repeats and re-alleges Paragraphs 1-19 as though fully set forth herein.

39. Plaintiff is the owner by assignment of United States Patent No. 8,967,844 entitled

"Low Profile Light And Accessory Kit For The Same," which was duly and legally issued by the USPTO on March 3, 2015 (the "'844 patent"). A true and correct copy of the '844 patent is attached hereto as Exhibit F.

40. The '844 patent is valid and enforceable and Plaintiff has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

41. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '844 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '844 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to Defendants.

42. Upon information and belief, Defendants have infringed and continues to infringe at least claims 1 and 24 of the '844 patent by, among other activities, making, using, selling or offering to sell in or importing into the United States their DL-N19A9ER1-27 and DL-N19A11FR1-27 products, as detailed in the attached preliminary and exemplary infringement chart, Exhibit G. This chart is not intended to limit Plaintiff's right to modify this chart or any other claim chart or allege that other activities of Defendants infringe the identified claims of the '844 Patent or any other patents. Exhibit G is hereby incorporated by reference in its entirety. Each claim element in Exhibit G that is mapped to the accused product shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

43. Defendants are liable for direct infringement, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271 (a).

44. Plaintiff has at no time either expressly or impliedly licensed Defendants to practice the '844 patent.

45. Defendants' infringement has injured Plaintiff, and Plaintiff is entitled to recover

damages adequate to compensate it for such infringement.

46. Defendants' infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '844 patent.

**COUNT IV**
**(Infringement of U.S. Patent No. 9,581,756)**

47. Plaintiff repeats and re-alleges Paragraphs 1-19 as though fully set forth herein.

48. Plaintiff is the owner by assignment of United States Patent No. 9,581,756 entitled "Light Guide for Low Profile Luminaire," which was duly and legally issued by the USPTO on February 28, 2017 (the "'756 patent"). A true and correct copy of the '756 patent is attached hereto as Exhibit H.

49. The '756 patent is valid and enforceable and Plaintiff has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

50. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '756 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '756 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to Defendants.

51. Upon information and belief, Defendants have infringed and continues to infringe at least claim 22 of the '756 patent by, among other activities, making, using, selling or offering to sell in or importing into the United States their DL-N19A9ER1-27 and DL-N19A11FR1-27 products, as detailed in the attached preliminary and exemplary infringement chart, Exhibit I. This chart is not intended to limit Plaintiff's right to modify this chart or any other claim chart or allege that other activities of Defendants infringe the identified claims of the '756 Patent or any other patents. Exhibit I is hereby incorporated by reference in its entirety. Each claim element in Exhibit

I that is mapped to the accused product shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

52. Defendants are liable for direct infringement, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271 (a).

53. Plaintiff has at no time either expressly or impliedly licensed Defendants to practice the '756 patent.

54. Defendants' infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement.

55. Defendants' infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '756 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks this Court to enter judgment against Defendants and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, and employees, and all persons in privity or active concert or participation with Defendants, granting the following relief:

A. the entry of judgment in favor of Plaintiff and against Defendants;

B. a preliminary injunction prohibiting further infringement of each of the '968 patent, the '518 patent, the '844 patent, and the '756 patent by Defendants, their agents, employees, representatives, successors and assigns and those acting in privity or in concert with them;

C. a permanent injunction prohibiting further infringement of each of the '968 patent, the '518 patent, the '844 patent, and the '756 patent by Defendants, their agents, employees, representatives, successors and assigns and those acting in privity or in

concert with them;

D. an award of actual damages against Defendants for damages arising from the infringement of each of the '968 patent, the '518 patent, the '844 patent, and the '756 patent pursuant to 35 U.S.C. § 284;

E. an award of damages against Defendants for pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '968 patent, the '518 patent, the '844 patent, and the '756 patent by Defendants to the day a damages judgment is entered and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

F. the entry of judgment that this case is exceptional, and award treble damages, attorney fees, and the costs of this action, pursuant to 35 U.S.C. § 285;

G. in the event a final injunction is not granted, a compulsory ongoing royalty; and

H. such other relief to which Plaintiff is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

*/s/Mark F. Warzecha*
Mark F. Warzecha
Florida Bar No. 95779
Daniel C. Pierron
Florida Bar No. 98732
**WIDERMAN MALEK PL**
1990 W. New Haven Ave., Ste. 201
Melbourne, Florida 32904
Tel. (321) 255-2332
Fax (321) 255-2351
MFW@USLegalTeam.com
DPierron@USLegalTeam.com